Filed 9/8/25  P. v. Rodas CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E083292 |
| v. | (Super.Ct.No. RIF148425) |
| NESTER RODAS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Reversed and remanded with directions.

Justin Behravesh, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Christopher P. Beesley and Warren J. Williams, Deputy Attorneys General, for Plaintiff and Respondent.

At a hearing pursuant to Penal Code section 1172.75,[1] the court found defendant and appellant Nestor Rodas ineligible for a full resentencing hearing. On appeal, defendant contends this court should reverse the order and remand the matter to the trial court with directions to hold a full resentencing hearing. We reverse and remand the matter with directions.

## I. PROCEDURAL BACKGROUND

On August 27, 2009, a jury found defendant guilty of carjacking (§ 215, subd. (a), count 1), second degree robbery (§ 211, count 2), dissuading a witness (§ 136.1, subd. (c)(1), count 3), and being a felon in possession of a firearm (former § 12021, subd. (a)(1), count 4). The jury additionally found true allegations that defendant personally used a firearm in his commission of the carjacking and robbery. (§ 12022.53, subd. (b).) The court thereafter found true allegations that defendant had suffered a prior serious felony conviction (§667, subd. (a)), a prior prison term (§ 667.5, subd. (b)), and a prior strike conviction (§§ 667, subds. (c), (e) & 1170.12, subd. (c)). (*People v. Rodas* (May 25, 2010, E049426) [nonpub. opn.] (*Rodas*).)

The court sentenced defendant to 39 years of imprisonment; the court imposed but stayed sentence on the prior prison term enhancement. (*Rodas*, *supra*, E049426.)

Defendant appealed. This court affirmed the judgment. (*Rodas*, *supra*, E049426.)

---

[1] All further statutory references are to the Penal Code.

At an unreported hearing on December 21, 2023, at which defendant was represented by counsel,[2] the court found defendant ineligible for resentencing.

## II.  DISCUSSION

Defendant contends this court should reverse and remand the matter with directions to the trial court to hold a full resentencing hearing.  The People agree.[3]  We reverse and remand the matter with directions to the trial court to hold a full resentencing hearing.

"In 2019, in an effort to reduce the societal and fiscal burdens of incarceration, the Legislature passed Senate Bill No. 136 (2019–2020 Reg. Sess.) (Senate Bill No. 136), which amended section 667.5[, subdivision] (b) to eliminate prior-prison-term enhancements for all prior crimes except for 'sexually violent offense[s] as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code.'  (Stats. 2019,

---

[2]  "[S]ection 1172.75 does not authorize a defendant to seek resentencing on his or her own motion or petition.  Rather the process is triggered by the Department of Corrections and Rehabilitation [CDCR] identifying a defendant as a person serving a sentence that includes a prior prison term enhancement.  [Citation.]" (*People v. Cota* (2023) 97 Cal.App.5th 318, 332; accord, *People v. Newell* (2023) 93 Cal.App.5th 265, 268; accord, *People v. Burgess* (2022) 86 Cal.App.5th 375, 382 [Lower and appellate courts lack jurisdiction over a request for §1172.75 relief brought solely by a defendant].)  On our own motion, we took judicial notice of a CDCR list, which identifies individuals potentially eligible for section 1172.75 relief; defendant's name appears on that list.

[3]  We issued a tentative opinion on June 11, 2025, affirming the matter because defendant's judgment included a stayed prior prison term for which he was not serving a term of imprisonment.  Thereafter, the California Supreme Court issued its opinion in *People v. Rhodius* (2025) 17 Cal.5th 1050 (*Rhodius*), holding that defendants whose judgments include stayed prior prison terms are entitled to full resentencing hearings when courts strike the now invalid prior prison term enhancements.  We vacated submission of the case and our tentative opinion; we provided the parties the opportunity to file supplemental briefs on the effect of *Rhodius* in this case, which they have done.

3

ch. 590, § 1.)  In 2021, Senate Bill No. 483 (2021–2022 Reg. Sess.) made this change retroactive.  It enacted Penal Code section 1171.1 (Stats. 2021, ch. 728, §§ 1, 3), later renumbered without substantive change as Penal Code section 1172.75 (section 1172.75) (Stats. 2022, ch. 58, § 12), which declares:  'Any sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code is legally invalid.' [Citation.]" (*Rhodius*, *supra*, 17 Cal.5th at p. 1054.)

"A defendant serving a term for a judgment that includes a now-invalid enhancement is entitled to resentencing.  [Citation.]  To facilitate the process, the statute directs [the CDCR] to 'identify those persons in their custody currently serving a term for a judgment that includes an enhancement described in subdivision (a).'  [Citation.]  Upon receiving that information, the sentencing court must 'review the judgment and verify that the current judgment includes a sentencing enhancement described in subdivision (a).'  [Citation.]  'If the court determines that the current judgment includes an enhancement described in subdivision (a), the court shall recall the sentence and resentence the defendant.'  [Citation.]  The statute provides separate deadlines for identification, review, and resentencing of 'individuals . . . currently serving a sentence based on the enhancement' and 'all other individuals.'  [Citation.]" (*Rhodius*, *supra*, 17 Cal.5th at p. 1055.)

4

"Section 1172.75, subdivision (d) sets forth detailed instructions for resentencing once a sentence has been recalled. As relevant here, subdivision (d) specifies: 'Resentencing pursuant to this section shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety. Resentencing pursuant to this section shall not result in a longer sentence than the one originally imposed.' [Citation.] The trial court must 'apply the sentencing rules of the Judicial Council' as well as 'any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing.' [Citation.] In addition, the court may 'consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice.' [Citation.]" (*Rhodius*, *supra*, 17 Cal.5th at p. 1055.)

"Penal Code section 1172.75 entitles a defendant to resentencing if the underlying judgment includes a prior-prison-term enhancement that was imposed before January 1, 2020, regardless of whether the enhancement was then executed or instead stayed.' [Citation.]" (*Rhodius*, *supra*, 17 Cal.5th at p. 1054.)

Here, defendant's judgment included a stayed prior prison term that was imposed before January 1, 2020.  The prior prison term was not for a sexually violent offense.  At the hearing, the court denied defendant's request for a full resentencing hearing.  Thus, pursuant to *Rhodius*, the matter must be reversed and remanded with directions to the court below to hold a full resentencing hearing.[4]

## III.  DISPOSITION

The matter is reversed and remanded to the trial court with directions to hold a full resentencing hearing.  We express no opinion on whether defendant would be entitled to any further relief on remand.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
Acting P. J.

We concur:

MILLER
J.

FIELDS
J.

---

[4] Here, the court also neglected to strike the enhancement.  There is no new abstract of judgment in the record.  Thus, we shall direct the court below to strike the enhancement in its entirety. (§ 1172.75, subd. (a); *People v. Monroe* (2022) 85 Cal.App.5th 393, 402 ["By its plain terms, section 1172.75 requires . . . the trial court strike the newly 'invalid' enhancements."]; accord, *People v. Garcia* (2024) 101 Cal.App.5th 848, 855; accord *People v. Green* (2024) 104 Cal.App.5th 365, 373.)

6